Filed 7/23/24  P. v. Tate CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER TATE,<br><br>    Defendant and Appellant. | B332620<br>(Los Angeles County<br> Super. Ct. No. A645237) |

APPEAL from an order of the Superior Court of Los Angeles County, Connie R. Quinones, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie A. Miyoshi, Deputy Attorney General, and Noah P. Hill, Supervising Deputy Attorney General, for Plaintiff and Respondent.

# INTRODUCTION

Appellant Christopher Tate (Tate) appeals from an order denying his motion for a hearing under Penal Code section 1203.01[1] and *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).  After Tate submitted his opening brief, the California Supreme Court decided *People v. Hardin* (2024) 15 Cal.5th 834 (*Hardin*).  That decision controls the outcome here.  We affirm the trial court's order.

# FACTUAL AND PROCEDURAL BACKGROUND

Tate was convicted of first-degree murder with special circumstances in 1988.  He was 19.  He was sentenced to life without the possibility of parole.

In November 2022, Tate filed a motion for a hearing under section 1203.01 and *Franklin*, seeking an opportunity to place information on the record for an eventual youth offender parole hearing.  The trial court denied the motion, finding that Tate was not entitled to a youth offender parole hearing under section 3051.

Tate timely appeals.

# DISCUSSION

Section 3051, subdivision (a)(1) provides that the Board of Parole Hearings (Board) must hold a hearing "for the purpose of reviewing the parole suitability of any prisoner who was 25 years of age or younger . . . at the time of the controlling offense."  At that hearing, the Board's decision "will be informed by youth-related factors, such as his cognitive ability, character, and social and family background at the time of the offense."

---

[1]     All future statutory references are to the Penal Code, unless otherwise stated.

(*Franklin, supra,* 63 Cal.4th at p. 269.) However, prisoners convicted before 2013, when section 3051 was enacted, may not have had a chance to make a record about those factors at their sentencing hearing. (*Ibid.*) Therefore, they may be entitled to a separate hearing where they have the opportunity to place information in the record for eventual use by the Board. (*Ibid.*)

Not all prisoners are entitled to a youth offender parole hearing. Section 3051, subdivision (h) specifically excludes "cases in which an individual is sentenced to life in prison without the possibility of parole for a controlling offense that was committed after the person had attained 18 years of age." Tate is covered by this exclusion. He argues that the exclusion violates the Equal Protection Clause of the federal Constitution.

The California Supreme Court rejected that argument in *Hardin*. The appellant in that case was "serving a life without parole sentence for a special circumstance murder he committed at age 25." (*Hardin, supra,* 15 Cal.4th at p. 839.) He filed a postjudgment motion to develop and preserve evidence for later use in a youth offender parole hearing. (*Id.* at p. 840.) The motion was denied because the appellant was ineligible for such a hearing under section 3051, subdivision (h). (*Ibid.*) The appellant argued on appeal that the exclusion violates the Equal Protection Clause in two ways: (1) it irrationally distinguishes between juvenile offenders sentenced to life without parole and young adult offenders who receive the same sentence, and (2) it irrationally distinguishes between young adults who had committed murder with a special circumstance and those who had committed murder with no special circumstance. (*Id.* at pp. 840–841.)

The Court of Appeal accepted the second argument. (*Hardin, supra,* 15 Cal.5th at pp. 840–841.) The California Supreme Court reversed. (*Id.* at p. 839.) The Court held that, although the primary purpose of section 3051 was

3

to give "young persons the opportunity to obtain release based on demonstrated growth and rehabilitation," the Legislature balanced that objective with "concerns about culpability and the appropriate level of punishment for certain very serious crimes." (*Id.* at p. 854.) "It was not irrational for the Legislature to exclude from youth offender parole eligibility those young adults who have committed special circumstance murder, an offense deemed sufficiently culpable that it merits society's most stringent sanctions." (*Id.* at p. 864.)

Tate's situation is the same. He is a young adult offender convicted of special circumstance murder and is not eligible for a youth offender parole hearing under section 3051. Under *Hardin*, that ineligibility does not violate the Equal Protection Clause.

## DISPOSITION

The order of the trial court is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ZUKIN, J.

WE CONCUR:

COLLINS, Acting P. J.

MORI, J.

4